IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOBB MARKEL,

               Plaintiff,

v.

CITY OF PORT TOWNSEND, a Washington municipal corporation; OFFICER PATRICK FUDALLY, individually and in his capacity as a Port Townsend Police Officer; and DOES 1–10,

               Defendants.

NO. 3:26-cv-05705

COMPLAINT FOR DAMAGES, ATTORNEYS FEES, PUNITIVE DAMAGES, AND DEMAND FOR JURY TRIAL

**COME NOW** the above-named Plaintiff, Jacobb Markel, by and through his counsel, Joseph Schodowski of Schodowski Law, Inc., PS, and Ryan Dreveskracht of Galanda Broadman, PLLC, and by way of claim alleged upon personal knowledge as to himself and his own actions, and upon information and belief upon all other matters, as follows:

## I.    PARTIES

1.    Plaintiff Jacobb Markel is an adult resident of Jefferson County, Washington.

2.    Defendant City of Port Townsend is a Washington municipal corporation organized under the laws of the State of Washington.

3.    Defendant Patrick Fudally was at all relevant times employed as a police officer

COMPLAINT FOR DAMAGES, ATTORNEYS FEES, PUNITIVE DAMAGES, AND DEMAND FOR JURY TRIAL - 1



SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
**FACSIMILE** – (888) 474-1035

with the Port Townsend Police Department and acted under color of state law and within the course and scope of his employment.

4.    Plaintiff is presently unaware of the identities and capacities of Defendants Does 1–10 and sues them by fictitious name. Plaintiff will amend this Complaint when their identities are discovered.

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under the United States Constitution and 42 U.S.C. § 1983.

6.    This Court has supplemental jurisdiction over Plaintiff's related Washington state law claims under 28 U.S.C. § 1367.

7.    Venue is proper in this District under 28 U.S.C. § 1391 because the acts and omissions giving rise to this action occurred in Jefferson County, Washington.

8.    Plaintiff timely complied with RCW 4.96.020

## III.    FACTUAL ALLEGATIONS

9.    On November 7, 2023, Plaintiff was driving home in Port Townsend, Washington.

10.    Officer Patrick Fudally believed Plaintiff had committed minor traffic infractions.

11.    Officer Fudally activated emergency lights and followed Plaintiff.

12.    Within seconds, and less than two blocks later, Plaintiff turned into the driveway of his residence at 2033 Sheridan Street.

13.    Plaintiff parked and walked toward the rear entrance of the home.

14.    Plaintiff did not knowingly evade law enforcement and did not intentionally flee.

15.    Rather than wait for backup or obtain a warrant, Officer Fudally forcibly entered Plaintiff's home through the rear door.

16.    The forced entry damaged the door.

COMPLAINT FOR DAMAGES, ATTORNEYS FEES,
PUNITIVE DAMAGES, AND DEMAND FOR JURY
TRIAL - 2



17. Officer Fudally entered and moved through the interior of the home without consent and without lawful authority.

18. Plaintiff's teenage son was frightened and alarmed by the intrusion.

19. Officer Fudally seized and arrested Plaintiff inside the home in front of his wife and son.

20. Prior to entry, Officer Fudally lacked probable cause to arrest Plaintiff for DUI.

21. Plaintiff was criminally charged.

22. Plaintiff's driver's license was revoked.

23. Plaintiff incurred ignition interlock expenses, SR-22 obligations, transportation losses, and related economic damages.

24. Plaintiff is self-employed and depends on reliable transportation to perform his work.

25. Plaintiff suffered emotional distress, humiliation, economic losses, and invasion of privacy.

26. On December 3, 2025, after Plaintiff challenged the legality of the entry and arrest, the City dismissed the DUI prosecution with prejudice.

27. Prior to Plaintiff's arrest, the City had notice of prior complaints and allegations involving Officer Fudally, including excessive-force complaints and prior civil litigation.

28. Despite that notice, the City retained Officer Fudally in patrol duties and failed to adequately supervise, discipline, retrain, or remove him.

29. Defendants' acts and omissions directly and proximately caused Plaintiff's injuries.

COMPLAINT FOR DAMAGES, ATTORNEYS FEES, PUNITIVE DAMAGES, AND DEMAND FOR JURY TRIAL - 3



SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035

## IV.    FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – UNLAWFUL ENTRY / UNREASONABLE SEARCH / UNREASONABLE SEIZURE

30.    Plaintiff realleges paragraphs 1–29.

31.    The Fourth Amendment protects the right of individuals to be secure in their homes against unreasonable searches and seizures.

32.    Plaintiff's residence was entitled to the highest constitutional protection.

33.    Officer Fudally entered Plaintiff's home without a warrant.

34.    No exigent circumstances existed.

35.    Plaintiff was searched, seized, and arrested inside his residence.

36.    The entry, search, and seizure were objectively unreasonable.

37.    At the time of the incident, it was clearly established that warrantless entry into a private residence is presumptively unreasonable absent a valid exception.

38.    It was clearly established that "hot pursuit," standing alone, does not justify warrantless entry into a home for minor traffic offenses. *City of Seattle v. Altschuler*, 53 Wn. App. 317 (1989).

39.    It was clearly established that absent exigent circumstances, officers may not enter a home to make an arrest. *State v. Hinshaw*, 149 Wn. App. 747 (2009).

40.    A reasonable officer in Defendant Fudally's position would have known that forcing entry into Plaintiff's occupied residence under these circumstances violated clearly established constitutional rights.

41.    Defendant Fudally acted intentionally, recklessly, maliciously, and/or with deliberate indifference to Plaintiff's federally protected rights.

42.    Defendant Fudally is not entitled to qualified immunity.

43.    Plaintiff suffered damages as a direct and proximate result.

COMPLAINT FOR DAMAGES, ATTORNEYS FEES,
PUNITIVE DAMAGES, AND DEMAND FOR JURY
TRIAL - 4



SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035

## V.    SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – MUNICIPAL LIABILITY (MONELL)

44.    Plaintiff realleges paragraphs 1–43.

45.    The City had actual and/or constructive notice of prior complaints, allegations, and warning signs involving Officer Fudally.

46.    Despite that notice, the City failed to adequately supervise, discipline, investigate, retrain, or remove him.

47.    The City maintained customs, policies, practices, and/or failures to train that resulted in constitutional violations:

    a.    The City failed to train its law enforcement officers on how to conduct constitutional searches.

    b.    The City maintained a custom, practice, and policy of allowing its officers to conduct unconstitutional searches.

    c.    The City knew that its failure to train and custom, practice, and policy of allowing its officers to conduct unconstitutional searches was likely to result in constitutional harm because it was obvious and because courts have found that its officers, including Officer Fudally, had committed numerous similar unconstitutional searches in the years preceding the incident.

48.    The City acted with deliberate indifference to known constitutional risks.

49.    The City's conduct was a moving force behind Plaintiff's injuries.

## VI.    THIRD CLAIM FOR RELIEF
### FALSE ARREST / FALSE IMPRISONMENT

50.    Plaintiff realleges paragraphs 1–49.

51.    Defendants unlawfully restrained Plaintiff without lawful authority.

52.    Plaintiff suffered damages.

COMPLAINT FOR DAMAGES, ATTORNEYS FEES,
PUNITIVE DAMAGES, AND DEMAND FOR JURY
TRIAL - 5

SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035

## VII.    FOURTH CLAIM FOR RELIEF
## TRESPASS / INVASION OF PRIVACY

53.    Plaintiff realleges paragraphs 1–52.

54.    Defendants intentionally entered Plaintiff's residence without lawful privilege or consent.

55.    Plaintiff suffered damages.

## VIII.    FIFTH CLAIM FOR RELIEF
## INTENTIONAL / RECKLESS INFLICTION OF EMOTIONAL DISTRESS

56.    Plaintiff realleges paragraphs 1–55.

57.    Defendants' conduct was extreme and outrageous.

58.    Defendants acted intentionally or recklessly.

59.    Plaintiff suffered severe emotional distress.

## IX.    SIXTH CLAIM FOR RELIEF
## NEGLIGENCE / NEGLIGENT TRAINING /
## NEGLIGENT HIRING / NEGLIGENT RETENTION

60.    Plaintiff realleges paragraphs 1–59.

61.    Defendants owed Plaintiff duties of reasonable care.

62.    Defendants breached those duties.

63.    The City negligently trained, supervised, retained, and disciplined Officer Fudally.

64.    Those breaches proximately caused Plaintiff's damages.

## X.    DAMAGES

65.    Plaintiff suffered economic damages.

67.    Plaintiff suffered non-economic damages.

68.    Defendant Patrick Fudally's conduct was malicious, reckless, and/or undertaken with callous or reckless indifference to Plaintiff's federally protected rights.

69.    Plaintiff is entitled to punitive damages against Defendant Patrick Fudally in his

COMPLAINT FOR DAMAGES, ATTORNEYS FEES, PUNITIVE DAMAGES, AND DEMAND FOR JURY TRIAL - 6

SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA  98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035

individual capacity under 42 U.S.C. § 1983.

70.    Plaintiff is entitled to attorney's fees and costs under 42 U.S.C. § 1988.

## XI.    JURY DEMAND

71.    Plaintiff demands trial by jury on all issues triable of right.

## XII.    PRAYER FOR RELIEF

72.    Damages have been suffered by Plaintiff and to the extent any state law limitations on such damages are purposed to exist, they are inconsistent with the compensatory, remedial and/or punitive purposes of 42 U.S.C. § 1983, and therefore any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for herein

73.    WHEREFORE Plaintiff requests judgment against Defendants as follows:

(a) Economic damages according to proof;

(b) Non-economic damages according to proof;

(c) Compensatory damages under 42 U.S.C. § 1983;

(d) Punitive damages against Defendant Patrick Fudally in his individual capacity;

(e) Attorney's fees and costs under 42 U.S.C. § 1988;

(f) Prejudgment and post-judgment interest;

(g) Such other and further relief as the Court deems just and equitable.

DATED this 30th day of June, 2026.

SCHODOWSKI LAW, INC. PS

*s/ Joseph J. Schodowski*
Joseph J. Schodowski, WSBA #42910
210 Polk Street, Ste. 8
Port Townsend, WA 98368
(360) 821-8873 Fax: (888) 474-1035
Email: joe@schodowskilaw.com

*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES, ATTORNEYS FEES,
PUNITIVE DAMAGES, AND DEMAND FOR JURY
TRIAL - 7



SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035

GALANDA BROADMAN, PLLC

*s/ Ryan D. Dreveskracht*

Ryan D. Dreveskracht, WSBA #42593
P.O. Box 15146
Seattle, WA 98115
(206) 557-7509 Fax: (206) 299-7690
Email: ryan@galandabroadman.com

*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES, ATTORNEYS FEES,
PUNITIVE DAMAGES, AND DEMAND FOR JURY
TRIAL - 8



SCHODOWSKI LAW
210 POLK STREET, SUITE 8
PORT TOWNSEND, WA 98368
TELEPHONE – (360) 821-8873
FACSIMILE – (888) 474-1035